■ In the Matter of J. HARRY PINCUS, Also Known as JACOB H. PINCUS, an Attorney, Respondent. SOLOMON A. KLEIN, Petitioner.— In this proceeding to discipline respondent, an attorney, upon 34 charges of professional miscon-

duct, the learned Referee to whom the issues were referred for hearing, has submitted his report, dated June 5, 1964, in which he finds that 32 of the charges have been sustained and that 2 have not been sustained. The petitioner now moves for the confirmation of the Referee's report and findings, and for the imposition of an appropriate measure of discipline. The 32 charges upon which the respondent was found guilty include the following: Twenty-four charges of converting to his own use, in 24 separate cases, various sums of money belonging to his clients; one charge of issuing checks drawn on a bank in which, to his knowledge, he had insufficient funds to pay the checks drawn by him; two charges of commingling clients' funds with his own; one charge of failing to keep proper books and records reflecting the financial transactions with his clients; and four charges of violating the special rules of this court regulating the conduct of attorneys, in that: (a) he used retainer forms with the name of the attorney left blank; (b) he continued to use retainer forms bearing the name of a former law firm which had been dissolved; and (c) he failed to render to his clients or to file with the Judicial Conference closing statements showing the allocation and disposition of the moneys received by him in settlement of contingent-fee negligence claims and actions. In addition, the Referee found that the respondent's failure to produce certain of his records at the hearing before him, after he had directed respondent to produce the records and after a subpoena duces tecum had been served upon the respondent, was contumacious. The petitioner's motion is granted; the Referee's report and his findings are confirmed *in toto*. In our opinion his findings are amply supported by the proof. In view of the gross misconduct of this respondent, he must be disbarred; he clearly lacks the character and fitness requisite for an attorney and counselor at law. His name is directed to be struck from the roll of attorneys and counselors at law, effective 10 days after entry of the order hereon. Beldock, P. J., Ughetta, Christ, Rabin and Hopkins, JJ., concur.